UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **BRIAN HILVETY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Case No. 08-2188 |
| **R.A. MITCHELL and** ) | |
| **ARLIE ALEXANDER,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff Brian Hilvety, acting *pro se*, filed a complaint against Defendants R.A. Mitchell and Arlie Alexander in the Macon County Circuit Court (Case No. 08MR327). In August 2008, the United States of America, acting "by and on behalf of" Mitchell and Alexander, removed the case to federal court. (Notice of Removal, #1, p. 1.) The removal notice stated that removal was based on 28 U.S.C. § 1442(a)(1) because Plaintiff sued "officers of the United States for acts under color of such office or on account of the collection of revenue," and on 28 U.S.C. § 1444, because Plaintiff "apparently seeks to quiet title with respect to property to which the United States asserts federal tax liens have attached." (#1, p. 1.)

In September 2008, Plaintiff filed a Motion To Remand (#4) pursuant to 28 U.S.C. § 1447. The United States, on behalf of itself and its officers, subsequently filed an Opposition to Motion To Remand (#7). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Plaintiff's Motion To Remand **(#4)** be **DENIED**.

### I.  Background

The following background is taken from Plaintiff's complaint. The complaint alleges that Plaintiff's property in Macon County is "being held by a purported record or judgment in favor of the Internal Revenue Service" based on a Notice of Federal Tax Lien dated February 6, 2008. (Complaint, #1-2, ¶ 24.) The tax lien is signed by Defendant Mitchell for Defendant Alexander; Mr. Alexander's title is revenue officer. (Notice of Federal Tax Lien,

#1-2, pp. 11-12.)  Plaintiff alleges that, at the time that Mitchell and Alexander signed the tax lien, they knew or should have known that they had no record or judgment that would qualify as a record or judgment under Article IV, Sections 1 and 4 of the Constitution.  (#1-2, ¶ 28.) Plaintiff alleges that Defendants' actions violated Plaintiff's right to due process.  (#1-2, ¶ 29.)

Plaintiff asks the Court to find that the Notice of Federal Tax Lien is not "a record, judgment or public act of this or any other State, under Article IV, Sections 1 and 4" (#1-2, ¶ 30), or a "judgment by any competent tribunal under Article III, Section 2, Clause 3" (#1-2, ¶ 31).  In addition, Plaintiff asks the Court to find that the notice violated the Fifth Amendment (#1-2, ¶ 32), and that Defendants "had no official capacity to place such record or judgment in the Recorder of Deeds for Macon County and did so in the Defendant's individual capacity" (#1-2, ¶ 33).  Finally, Plaintiff asks the Court to find that the tax lien notice is invalid, illegal, and unconstitutional, and direct the Macon County Recorder to remove it from the record. (#1-2, p. 7.)

## II.  Standard

In order for a defendant to properly remove a case to federal court, the court must have subject matter jurisdiction.  28 U.S.C. § 1441(a).  Federal jurisdiction exists in a removal action if the case might have been originally brought in a federal court.  *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993).  Because federal courts have limited jurisdiction, district courts should "interpret the removal statute narrowly" and resolve any doubt in favor of remanding the matter to state court.  *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

The removing party bears the burden of establishing that federal jurisdiction exists. *Hart v. FedEx Ground Package Sys. Inc*., 457 F.3d 675, 679 (7th Cir. 2006) ("the party invoking federal jurisdiction bears the burden of demonstrating its existence").  The existence of removal jurisdiction is "determined according to the plaintiff's pleading at the time of the petition for removal."  *Pullman v. Jenkins*, 305 U.S. 534, 537 (1939).  Even if a plaintiff subsequently

narrows the issues to eliminate federal claims, federal jurisdiction is not extinguished. *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990).

### III.  Analysis

Plaintiff argues that the Court should remand the case to state court because the United States has no standing to file the motion. He contends that he has sued Mitchell and Alexander in their individual capacities. Because he did not name the United States as a defendant in the state court suit, and because the United States is not the real party in interest in this case, it lacks standing to remove the case.

The United States responds that the relief Plaintiff seeks, withdrawal of the Notice of Federal Tax Lien, may only be granted against the United States, and therefore the United States is the proper defendant. Based on the substance of the claims, the United States contends that Plaintiff sued Mitchell and Alexander in their official capacities, not their individual capacities.

The terms "official capacity" and "individual capacity" refer to the capacity in which a party is sued, not the capacity in which he inflicts the alleged injury. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). As characterized by the Supreme Court, "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law . . . . Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent'." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

Regardless of whether or not the United States is a named defendant, it is the real party in interest if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration." *Clark v. U.S.*, 691 F.2d 837, 839-40 (7th Cir. 1982) (quoting *Land v. Dollar*, 330 U.S. 731, 738 (1947)); *Oregon v. Hitchcock*, 202 U.S. 60, 69 (1906) ("The question whether the United States is a party to a controversy is not determined by the merely nominal party on the record but by the question of the effect of the judgment or

decree which can be entered."). When evaluating an officer's capacity, a court may consider the express language of the allegations, the nature of the claims, the remedies sought, and whether the defendant raised any individual immunity defenses. *Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000); *Hill v. Shelander*, 924 F.2d 1370, 1373-74 (7th Cir. 1991).

Plaintiff's complaint alleges that Mitchell and Alexander deprived Plaintiff of his property without due process in violation of the Fifth Amendment when they entered the Notice of Federal Tax Lien knowing that they had no record or judgment against Plaintiff. (#1-2, ¶¶ 27-29.) Thus, the allegations in the complaint challenge the validity of the tax lien against Plaintiff's property in general and in particular. (*See, e.g.,* #1-2, p. 7, "Plaintiff asks that the Court find the tax lien notice to be invalid, illegal, and unconstitutional.")

Plaintiff seeks declaratory and injunctive relief that Mitchell and Alexander cannot provide in their individual capacities. Looking at the potential effect of a judgment in this case, the Court concludes that the relief that Plaintiff seeks here would "interfere with the public administration." (*Clark*, 691 F.2d at 839-40.) Clearly, an order preventing the United States from filing federal tax lien notices would greatly interfere with the federal government's ability to assess and collect taxes. Thus, when read in its entirety, the complaint shows that the real party in interest in this case is the United States. As a result, the United States has standing to remove this case. The notice of remand adequately alleges grounds for federal jurisdiction; as a result, based on Plaintiff's complaint at the time of removal, the Court had subject matter jurisdiction over the claims. Accordingly, the Court recommends denying the motion to remand.

### IV.  Summary

For the reasons set forth above, this Court recommends that Plaintiff's Motion To Remand **(#4)** be **DENIED.**  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a

copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objection on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 30th day of September, 2008.

s/ DAVID G. BERNTHAL<br>U.S. MAGISTRATE JUDGE